UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM EVERETT WARINNER and
JAMES C. MILLER, SR.,

        Plaintiffs,

v.                                   Case No:  6:13-cv-1860-Orl-28DAB

SECRETARY OF STATE, STATE OF
FLORIDA and ATTORNEY GENERAL,
STATE OF FLORIDA,

        Defendants.

_____

## ORDER

       This case is a voting rights case in which a three-judge court has been designated. (First Am. Compl., Doc. 22; Order, Doc. 23).  Plaintiffs sue Defendant Ken Detzner in his official capacity as Florida Secretary of State ("the Secretary") and allege "that Florida's Congressional District 5 is racially gerrymandered," violating their rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  (Doc. 22 ¶ 1).  The Florida House of Representatives and the Florida Senate ("the Legislative Parties") have intervened.  (Doc. 31).

       The Secretary has filed a Motion to Dismiss Amended Complaint Or, Alternatively, to Transfer Venue (Doc. 28), and the Legislative Parties have filed a Motion to Dismiss Or, in the Alternative, to Stay Proceedings (Doc. 32).  The Court has considered these motions and the Plaintiffs' responses (Docs. 29 & 33) and concludes that to the extent the Secretary seeks dismissal, the motion must be denied, but to the extent he seeks a transfer of venue, the motion should be granted.  The Court will reserve ruling on the motion by the Legislative Parties.

I.      **Venue**

The Secretary argues in his motion that the case should be dismissed for improper venue.  To support this motion, the Secretary argues that he does not reside in the Middle District of Florida and that the events giving rise to Plaintiff's claim did not occur in the Middle District because the legislature's actions in reapportioning districts occurred in Tallahassee, located in the Northern District of Florida.  (Doc. 28).   In the alternative, the Secretary requests that the Court transfer the case to the Northern District.

Venue is proper in either "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  If a case is filed in the wrong district or division, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Even if venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  However, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quotation omitted).

In the present case, it is unnecessary to determine whether venue is proper in the Middle District because the Court finds that, in any event, it is in the interest of justice for the Court to transfer the case to the Northern District, where the case unquestionably could have been brought. The Secretary points out that both he and Plaintiffs reside in the

Northern District.  (Doc. 28 at 7 n.4).  The legislature conducted the activities related to reapportionment in the Northern District, and it stands to reason that most of the evidence and witnesses will be located there.  Finally, all of the Florida attorneys listed on the record as representing the Secretary and Plaintiffs are located in Tallahassee.  For these reasons, the convenience of the parties and witnesses clearly outweighs Plaintiffs' choice of forum, and the case will be transferred to the Northern District of Florida.  In any case, the important rights that Plaintiffs allege have been violated and the imminent nature of their claims indicate that it is in the interest of justice that the case be transferred to the Northern District rather than dismissed.

Though this case will be transferred to the Northern District of Florida, the three members of this Court will remain as the three judges designated in this case, pursuant to the order of designation from the Chief Judge of the Eleventh Circuit.  (Doc. 23).

II.   **Abstention**

The Legislative Parties request that the Court dismiss this case on abstention grounds or alternatively stay the proceedings pending the resolution of a related state case.  (Doc. 32).  The Court temporarily reserves ruling on this motion pending, inter alia, the scheduled progress of the state case.

III.   **Conclusion**

Having considered the parties' arguments, the Court finds that the case should be transferred to the Northern District of Florida and reserves ruling on the issue of abstention.  Accordingly, it is **HEREBY ORDERED AND ADJUDGED** that:

1.   Defendant Ken Detzner's Motion to Dismiss Amended Complaint Or, Alternatively, to Transfer Venue (Doc. 28) is **GRANTED IN PART AND DENIED IN PART**.

To the extent it seeks a dismissal of the case, the motion is denied. To the extent it seeks a transfer of venue to the Northern District of Florida, it is granted.

2.      This case is **TRANSFERRED** to the United States District Court for the Northern District, Tallahassee Division. The three judges on this Court shall remain the designated judges in this case pursuant to the order of designation. (Doc. 23).

3.      The Court reserves ruling on the Legislative Parties' Motion to Dismiss Or, in the Alternative, to Stay Proceedings. (Doc. 32).

**DONE** and **ORDERED** in Orlando, Florida on March 26, 2014.

Copies furnished to:

Counsel of Record

JOHN ANTOON II
United States District Judge